UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALEXANDER RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-02394-JDP (PC)<br><br>SCREENING ORDER FINDING THAT THE COMPLAINT FAILS TO STATE A VIABLE CLAIM AND GRANTING LEAVE TO AMEND<br><br>ECF No. 1<br><br>ORDER GRANTING PLAINTIFF'S SECOND APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DENYING HIS FIRST AS MOOT<br><br>ECF Nos. 2 & 3 |

    Plaintiff, a state prisoner, appears to allege that defendants violated his rights by failing to protect him from an assault by other inmates. ECF No. 1 at 3. The specifics of his allegations, however, are difficult to understand for want of sufficient context and factual detail. As such, the complaint does not adequately put defendants on notice of the claims against them. I will give plaintiff leave to amend and better plead his claims. I will also grant plaintiff's second application to proceed *in forma pauperis*, ECF No. 4, and deny his first, ECF No. 2, as moot.

**Screening Order**

### I.   Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Analysis

Plaintiff alleges that defendants violated his Eighth Amendment rights by failing to protect him from an assault by other inmates. ECF No. 1 at 3-5. He alleges that the attack occurred on December 14, 2022, in a gymnasium at Mule Creek State Prison. *Id.* at 3. The specifics of the assault, including each defendant's involvement in failing to protect plaintiff, are otherwise elusive, however. I have read the complaint and am unable to discern how each defendant was responsible for violating plaintiff's rights. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (a complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."). In his amended complaint, plaintiff should endeavor to explain, in a straightforward narrative fashion, what befell him and how each defendant was involved.

Plaintiff must file an amended complaint that remedies this deficiency. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Amended Complaint" and refer to the appropriate case number.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff must file an amended complaint that complies with this order. If he fails to do so, I will recommend that his unrelated claims be dismissed.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's application to proceed *in forma pauperis*, ECF No. 4, is GRANTED and his prior application, ECF No. 2, is DENIED as moot.

IT IS SO ORDERED.

Dated:   December 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE