UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALEXANDER RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, *et al.*,<br><br>Defendants. | Case No.  2:23-cv-02394-JDP (PC)<br><br>**ORDER**<br><br>THAT PLAINTIFF INDICATE HIS INTENT TO PROCEED ONLY WITH THE CLAIMS DEEMED COGNIZABLE IN THIS ORDER OR FILE ANOTHER AMENDED COMPLAINT<br><br>ECF No. 10<br><br>**ORDER**<br><br>DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL WITHOUT PREJUDICE<br><br>ECF No. 12 |

Plaintiff, a state prisoner proceeding without counsel, alleges that defendant R. Decker, a correctional officer, violated his Eighth Amendment rights by using excessive force against him. ECF No. 10 at 3-4.  After reviewing the operative amended complaint, I find this claim cognizable.  The complaint fails, however, to state a viable claim against any other defendant. Plaintiff may either proceed only with his Eighth Amendment claim against Decker, or he may delay serving any defendant and amend his complaint again.  I will also deny plaintiff's motion for appointment of counsel without prejudice.

1

**Screening Order**

**I.      Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.      Analysis**

Plaintiff alleges that on an uncertain date, defendant Decker used excessive force against him in the unit gymnasium.  ECF No. 10 at 3.  Specifically, he claims that Decker shoved and then beat him until he lost consciousness. *Id.*  These allegations are sufficient to state an Eighth

1 Amendment claim against Decker.

2 The complaint fails, however, to state any other viable claim. The Warden of Mule Creek State Prison, Patrick Covello, and two other correctional officers, Bustamante and Bentz, are named in the caption of the complaint, *id.* at 2, but I can discern no explicit claims against either.[1] Plaintiff also raises a separate due process claim in connection with the excessive force incident, alleging that the clause requires that all his rights be held "intact." *Id.* at 5. However, plaintiff cannot sustain a separate due process claim based on the same allegations of excessive force underlying his Eighth Amendment claim. *See Armendariz v. Penman*, 75 F.3d 1311, 1326 (9th Cir. 1996) ("The scope of substantive due process does not extend to areas addressed by other, more specific provisions of the Constitution.").

Thus, plaintiff may proceed with the Eighth Amendment excessive force claim against Decker identified as viable in this order. Or he may delay serving any defendant and file another amended complaint. He is advised that the amended complaint will supersede the current complaint. *See Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint should be titled "Second Amended Complaint" and refer to the appropriate case number.

**Motion to Appoint Counsel**

Finally, I will deny plaintiff's motion to appoint counsel, ECF No. 12, without prejudice. Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and I lack the authority to require an attorney to represent him. *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). I may request the voluntary assistance of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel"); *Rand*, 113 F.3d at 1525. However, without a means to compensate counsel, I will seek volunteer counsel only in exceptional circumstances. In determining whether such circumstances exist,

---

[1] I note that, in a short declaration filed separately from the amended complaint, plaintiff alleges that Warden Covello was standing in front of his cell, looking inward, after the altercation with Decker. ECF No. 11. This allegation, without more, is insufficient to state any viable claim against the warden.

"the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

I cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. The allegations in the complaint are not exceptionally complicated and, at this juncture, plaintiff has proven capable of representing himself. I will reevaluate the propriety of appointing counsel if, as this case proceeds, the interests of justice demand it.

Accordingly, it is ORDERED that:

1. Within thirty days from the service of this order, plaintiff may either indicate his intent to proceed only with the Eighth Amendment claims against R. Decker deemed cognizable in this order or he may delay serving any defendant and file another amended complaint. If he fails to do either, I may recommend this action be dismissed for failure to prosecute.

2. The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3. Plaintiff's motion to appoint counsel, ECF No. 12, is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  May 7, 2024                                    _____
                                                       JEREMY D. PETERSON
                                                       UNITED STATES MAGISTRATE JUDGE

4