UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER ALEXANDER RODRIGUEZ,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK COVELLO, *et al.*,<br><br>Defendants. | Case No. 2:23-cv-02394-DAD-JDP (PC)<br><br>**ORDER**<br><br>GRANTING DEFENDANT'S REQUEST FOR CLARIFICATION<br><br>ECF No. 22 |

    Plaintiff, a state prisoner proceeding without counsel, alleges that defendant R. Decker, a correctional officer, violated his Eighth Amendment rights by using excessive force against him. On June 25, 2024, I recommended that this action proceed only plaintiff's Eighth Amendment excessive force claims against that defendant. ECF No. 16. Plaintiff did not object to that recommendation, and it was adopted by the district judge on July 20, 2024, ECF No. 20. On August 20, 2024, defendant's counsel filed a request for clarification, asking whether plaintiff's references to a separate inmate attack and unspecified retaliatory conduct are active claims. ECF No. 22. That request for clarification is granted.

    Plaintiff's claims regarding the inmate assault are vague, but, interpreted generously, are part of the same incident of alleged excessive force that I recommended proceed past screening. Plaintiff alleges that defendant Decker assaulted him, and then shoved him into the gymnasium to

1

be assaulted by other inmates.  ECF No. 15 at 3.  The incident might properly be divided into two separate Eighth Amendment violations, the excessive force used by Decker himself and then a subsequent failure to protect once plaintiff was shoved into the gym and assaulted by other inmates.  Both of these claims are active and proceed against Decker.

By contrast, plaintiff's vague claims of retaliation are insufficient to proceed and were not part of the claim proceeding past screening.  Plaintiff references the elements of a retaliation claim, *id.* at 5, but does not adequately describe what protected conduct gave rise to the alleged retaliation.  Nor does plaintiff describe how he knew that Decker's conduct was motivated by a desire to retaliate.

Accordingly, defendant's request for clarification, ECF No. 22, is GRANTED and this case shall proceed consistent with this order.

IT IS SO ORDERED.

Dated:   August 27, 2024            _____
                                    JEREMY D. PETERSON
                                    UNITED STATES MAGISTRATE JUDGE